**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

JALYNN BRODNAX,

      Plaintiff,

      v.

DEPARTMENT OF CHILD SERVICES, et al.,

      Defendants.

CASE NO. 1:26-CV-165-HAB-ALT

## <u>OPINION AND ORDER</u>

Pro se Plaintiff Jalynn Brodnax ("Brodnax") filed a civil rights complaint against the state Department of Child Services ("DCS") and three individuals alleging her children have been unlawfully taken from her and put into unsuitable living situations, among other issues. (ECF No. 1). Along with her Complaint, Brodnax has also filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). That said, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has

income less than 150 percent of the income official poverty line. . ..” 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) (“Courts have wide discretion to decide whether a litigant is impoverished.”). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

In her IFP form, Brodnax attests she is unmarried, unemployed, and her only source of support for the basic necessities of life is “food from FSSA” and housing through Section 8. (ECF No. 2). She further indicates she has no money and no assets but has two minor children whom she supports—though she also notes that both children have been taken from her custody. (*Id.* at 2). Thus, Brodnax is unable to pay the filing fee.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a “short and plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ.

---

[1] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Brodnax's Complaint need not provide overly detailed factual allegations, but she must provide enough factual support to raise her right to relief above a speculative level. *Twombly*, 550 U.S. at 555. Her complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Brodnax alleges multiple issues stemming from the Department of Child Services decision to remove her children from her custody. Although she lodges some complaints against DCS as a whole—for instance, she believes DCS has purposefully caused her to fail her drug screens and that the department does not answer her calls or texts—the majority of her claims stem from her frustration with the department's chosen foster parents, whom she believes are abusing her children. Brodnax's request of this Court is that she "would like all parties incarcerated." (ECF No. 1 at 3).

Brodnax's allegations fail to state non-frivolous claims against any of the defendants. To start, her recitation of the facts is devoid of any names or specific allegations to the individual defendants whom she is suing, instead referring only to actions by "DCS" and the unnamed foster parents. This is a problem for two reasons. First, DCS is immune from suit under the Eleventh Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Roberts v. Indiana Bureau of Motor Vehicles*, 2011 WL 6943092, at *1 (S.D. Ind. Dec. 15, 2011) ("The doctrine of sovereign immunity is embodied in the Eleventh Amendment and bars private lawsuits in federal court against nonconsenting states, state agencies, or state officials acting in their official capacities."). Second, there is no factual connection between the named individual defendants and

3

Brodnax's allegations, meaning she cannot state a plausible theory of individual liability against any individual defendant. *See Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (noting vague references "to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct," are insufficient); *Dickens v. Illinois*, 753 F. App'x 390, 391 (7th Cir. 2018) (affirming dismissal of pro se plaintiff's §§ 1983 and 1985 claims because of plaintiff's "failure to identify specific state actors who personally participated in the conduct of which she complains"). As the pleadings stand, it is unclear whether the individuals referenced are DCS employees or the foster parents. Brodnax's allegations, even construed liberally, simply do not contain enough detail that would allow the Court to draw the plausible inference that the individual defendants were personally involved in any of claims.

But beyond these deficiencies, which are themselves fatal, the relief Brodnax requests—imprisonment of the individual Defendants for their actions—is not relief the Court can offer. Imprisonment is the result of criminal proceedings, and it is well established that a plaintiff "has no right to compel a criminal prosecution." *Wimberly v. Julius*, 606 F. App'x 309, 311 (7th Cir. 2015) (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005)); *see also Benedict v. Eau Claire Area Sch. Dist.*, 2009 WL 440911, at *1 (W.D. Wis. Feb. 23, 2009) (noting that even if the Court agreed a crime had been committed against plaintiff, "it is beyond the authority of this court to initiate a criminal prosecution" (citing *United States v. Batchelder*, 442 U.S. 114, 124 (1979)).

To the extent that Brodnax may be requesting an intervention in what appear to be ongoing Child in Need of Services ("CHINS") proceedings, the Court cannot do so. Under the *Younger* abstention doctrine, federal courts are directed "to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings." *J.B. v. Woodard*, 997 F.3d 714,

721 (7th Cir. 2021) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). CHINS proceedings are precisely the type of state proceeding falling in the realm of *Younger* abstention. *See Ashley W. v. Holcomb*, 34 F.4th 58, 591 (7th Cir. 2022) (applying *Younger* to CHINS proceedings and noting "We know from [Supreme Court precedent] that *Younger* applies to state-initiated child-welfare litigation."); *see also Nicole K. by next friend Linda R. v. Stigdon*, 2020 WL 1042619, at *4 (S.D. Ind. Mar. 3, 2020) ("The better path—since Indiana courts are competent to adjudicate these federal constitutional claims—is to leave the integrated CHINS framework to the Indiana courts.").[2] While Brodnax requests these individual Defendants be incarcerated, what she really seems to be asking for is for the Court to step into child custody matters and undo whatever decisions have been made by the state regarding the care and keeping of her children. Those matters, however, must be decided by the state courts.[3]

Although courts generally permit civil plaintiffs at least one opportunity "to amend after dismissing a complaint, that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. App'x 346, 348 (7th Cir. 2016). Because Brodnax has no non-frivolous

---

[2] The domestic-relations exception to federal jurisdiction likely also applies. This exception "precludes federal jurisdiction when a plaintiff seeks 'one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support.'" *Dawaji v. Askar*, 618 Fed. App'x 848, 860 (7th Cir. 2015) (quoting *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998); *Royal v. Wheeler*, No. 1:18-CV-412, 2019 WL 8334502, at *3 n.1 (N.D. Ind. Jan. 3, 2019) (noting the domestic relations exception "discourages federal courts from hearing cases—including both diversity and federal-question lawsuits—that would traditionally fall within the ambit of domestic-relations or family courts.").

[3] Generally, a court abstaining under *Younger* would stay the case, rather than order outright dismissal, especially in cases where a plaintiff seeks compensatory damages as "the plaintiff cannot obtain money damages as part of the ongoing state court action." *See J.B.*, 997 F.3d at 724. Because Brodnax is not requesting money damages, her complaint has failed to state a plausible claim for relief, and her requested relief is not within this Court's power, however, a stay would not be appropriate.

claims against any of the named defendants that can be pursued in federal court, the Court will deny her request to proceed IFP and dismiss her case without leave to amend.

## **CONCLUSION**

Brodnax's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is DENIED and the Complaint (ECF No. 1) is DISMISSED without leave to amend.

**SO ORDERED** this 8th day of April 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT